UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR MATHEWS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV1488 JCH |
| ) | |
| ST. LOUIS UNIVERSITY, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant St. Louis University's Motion to Dismiss Plaintiff's Age and Sex Discrimination Claims, filed November 16, 2005. (Doc. No. 10).

## BACKGROUND

By way of background, Plaintiff Arthur Mathews was employed by St. Louis University from July 16, 1970, until his termination on August 27, 2003. (Compl., ¶ 11). Plaintiff's job title was Shift Commander. (Id.). On September 11, 2003, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Defendant's Motion to Dismiss, Exh. A). In his Charge, Plaintiff stated that he was discriminated against by his employer, St. Louis University. (Id.). When asked to describe the allegedly discriminatory acts, Plaintiff stated as follows: "According to [Defendant], I was terminated for violating departmental rules to include failing to promptly and diligently report matters I have a duty to report and citizen complaints. I believe this rationalization is pretextual, and the real reason for being terminated was because of my race (Black-American)." (Id.). Notably, Plaintiff did not state he believed the discrimination occurred as a result of his gender or age. (Id.).

Plaintiff filed the instant Complaint on September 15, 2005, naming as Defendant St. Louis University. (Doc. No. 3). Plaintiff asserts Defendant's actions violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). (Id., ¶ 1). Specifically, Plaintiff alleges Defendants engaged in race, gender and age discrimination, when they terminated his employment in August, 2003. (Id., ¶ 9-11).

As stated above, Defendant St. Louis University filed the instant Motion to Dismiss on November 16, 2005. (Doc. No. 10). In its motion, Defendant maintains Plaintiff's gender and age discrimination claims must be dismissed due to Plaintiff's failure to exhaust his administrative remedies, because he failed to claim gender and age discrimination within his Charge of Discrimination before the EEOC. (Id.).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

## DISCUSSION

As stated above, in its Motion to Dismiss, Defendant asserts Plaintiff's gender and age discrimination claims are barred due to his failure to file an EEOC charge alleging such forms of discrimination. (Defendant's Memorandum in Support of Defendant's Motion to Dismiss Age and Sex Discrimination Claims, PP. 2-3). Specifically, Defendant notes that in the section where Plaintiff was to check boxes identifying the bases of discrimination, he marked only "Race", leaving the "Age" and "Sex" boxes unchecked. (Id., P. 2, citing Defendant's Exh. A).[1] Defendant further notes that Plaintiff's Charge of Discrimination with the EEOC lacks any reference whatsoever to age or gender discrimination. (Id.).

Both Title VII and the ADEA require claimants timely to file a charge of discrimination with the EEOC before bringing an action in court. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). The subsequently filed lawsuit need not mirror the administrative charges, however. Duncan v. Delta Consolidated Industries, Inc., 371 F.3d 1020, 1025 (8th Cir. 2004) (citation omitted). Rather, the Eighth Circuit has held that, "[i]n determining whether an alleged discriminatory act falls within the scope of a Title VII claim, the administrative complaint must be construed liberally in order not to frustrate the remedial purposes of Title VII, and the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Nichols v. American Nat. Ins. Co., 154 F.3d 875, 886-87 (8th Cir. 1998) (internal quotations and citation omitted). See also Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000) (applying the same reasoning to claims under the ADEA). "Allegations outside the scope of the EEOC charge, however, circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." Kells, 210 F.3d at 836 (citation omitted). See

---

[1] Under Eighth Circuit law, the Court may consider Plaintiff's EEOC Charge without converting the instant motion to one for summary judgment. Faibisch v. University of Minnesota, 304 F.3d 797, 802-03 (8th Cir. 2002).

also Duncan, 371 F.3d at 1025 (internal quotations and citations omitted) ("the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination").

Upon consideration, the Court finds Plaintiff did not allege gender or age discrimination in his EEOC Charge of Discrimination. Further, the Court holds Plaintiff's claims of gender and age discrimination are in no way like or reasonably related to the race discrimination allegations contained in his administrative charge. See Duncan, 371 F.3d at 1025.[2] Plaintiff therefore did not administratively exhaust his gender and age discrimination claims, and so Defendant's Motion to Dismiss on this basis must be granted. Id. at 1026.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis University's Motion to Dismiss Plaintiff's Age and Sex Discrimination Claims (Doc. No. 10) is **GRANTED**.

Dated this 1st day of January, 2006.

                                              /s/ Jean C. Hamilton
                                              UNITED STATES DISTRICT JUDGE

---

[2] In Duncan, the plaintiff filed her EEOC charge *pro se* as well, and the court addressed her unrepresented status as follows:
> We are mindful that Ms. Duncan filed her EEOC charge *pro se*. [C]ourts should not use Title VII's administrative procedures as a trap for unwary *pro se* civil-rights plaintiffs....We....therefore, when appropriate, construe civil-rights and discrimination claims charitably....Even so, there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made.

Duncan, 371 F.3d at 1025 (internal quotations and citations omitted).